**Donald S. NASH, et al., Appellants,**

v.

**Walter M. TOBRINER, Commissioner, et al.**

No. 24559.

United States Court of Appeals, District of Columbia Circuit.

May 30, 1972.

Messrs. William T. Hannan, Joseph F. Castiello, Ralph F. Berlow and Kent D. Thorup, Washington, D. C., were on the brief for appellants.

Messrs. C. Francis Murphy, Corp. Counsel for the District of Columbia, and Richard W. Barton and David P. Sutton, Asst. Corp. Counsel, were on the brief for appellees.

Before BAZELON, Chief Judge, and ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

This is an appeal from an order denying appellants an award for damages resulting from the failure of the District of Columbia Commissioners to close certain alleys on appellants' property. Since in our view the action of the Commissioners was neither arbitrary nor capricious, we affirm.

I.

On March 19, 1957, appellants applied to the District of Columbia to close two alleys which bisected their land. On July 14, 1960, the Board of Commissioners adopted a formal resolution approving "Northwest Urban Renewal Project Area #1" whose boundaries included appellants' property. At a public hearing on July 27, 1960, the District of Columbia Redevelopment Land Agency objected to the closing of the alleys in question because the property was located in the urban renewal area. The alley closing application was subsequently denied.

A condemnation proceeding was later filed as to appellants' land and, on the same day, appellants filed the instant action asserting that the failure to close the alleys was arbitrary and capricious, and requesting that the alleys be ordered closed. Appellants then moved to stay the condemnation proceedings pending determination of title to the alleys. This motion was denied and the denial

was affirmed by this Court in Nash v. D.C. Redevelopment Land Agency, 129 U.S.App.D.C. 348, 395 F.2d 571 (1967).

After the condemnation award was returned, appellants amended their complaint in the instant case to seek damages for the District of Columbia's failure to close the alleys, equal to the difference in the value between the property considered bisected by the alleys, and with the alleys considered closed. The District held that the action of the Commissioners in refusing to close the alleys was not shown to be arbitrary and capricious.

## II.

In our view, this case is controlled by our decision in Reservation Eleven Associates v. District of Columbia, 136 U.S. App.D.C. 311, 420 F.2d 153 (1969). The Court there held that:

Under the pertinent statutes the Commissioners had discretion whether or not to close the alley. The Commissioners' refusal to close the alleys because of the possibility that they might be needed for the freeway was not an abuse of discretion. The alleys in question are "original alleys" and are therefore the property of the United States. It was reasonable for the Commissioners to decline to give away or exchange government property that was likely to be needed in the discernible future.

*Id.* at 313–314, 420 F.2d at 155–156. Appellants correctly point out that after summarily rejecting the contention that the refusal to close an alley needed for future use was an abuse of discretion, the Court did go on to consider the circumstances in which a jury, *in determining valuation in a condemnation case,* should be allowed to consider the likelihood that the alley would have been closed absent the specific condemnation before it. But here the condemnation award has already been affirmed on appeal, Nash v. D.C. Redevelopment Land Agency, *supra,* and this issue is therefore not before us.

Accordingly, the judgment of the District Court is

Affirmed.